R. E. Eubank, H. B. Birmingham, and A. P. Dohoney, all of Paris, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

### MORROW, P. J.

Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for four years.

█ The conviction was had in the district court of Lamar county at a term ending on the 26th day of October, 1929. Judgment was entered December 16, 1930. The motion for new trial was overruled on the 19th day of December, 1930, at which time notice of appeal was given and the "statutory time" allowed within which to prepare and file the statement of facts and bills of exception. The bills of exception were filed on the 4th day of April, 1930, and the statement of facts was filed on the 8th day of the same month. The bills of exception were filed on the 106th day after notice of appeal, and the statement of facts was filed on the 110th day after notice of appeal. The utmost time allowed under the statute, article 760, C. C. P., was ninety days after final judgment and notice of appeal. The precedents are numerous and uniform to the effect mentioned. See collation of cases in Vernon's Ann. Tex. C. C. P., vol. 3, p. 129; see, also, Supplement to the volume mentioned, page 23; Daniel v. State, 104 Tex. Cr. R. 604, 286 S. W. 221; Davis v. State, 105 Tex. Cr. R. 348, 287 S. W. 1100; Burleson v. State, 105 Tex. Cr. R. 347, 288 S. W. 198, and numerous others. Due to the fact that the bills of exception and statement of facts were filed more than ninety days after notice of appeal, this court is precluded from considering them. Under the circumstances mentioned, there is nothing before this court for review.

No matters appearing from the record authorizing a reversal, the judgment is affirmed.

On Motion for Rehearing.

### LATTIMORE, J.

█ Appellant has procured from the clerk of the trial court a statement as to the date of the filing of his bills of exception, which corresponds with the date mentioned in our opinion. We cannot consider said bills for the reasons advanced in our former opinion. The refused special charges, which appellant now insists should have been given, cannot be appraised, in the absence of a statement of facts. That part of the charge of the court to which objection is now pointed out presents no fundamental error, and is not believed by us to present any error at all. Same presented the doctrine of reasonable doubt in the beginning of the paragraph, which told the jury they must believe beyond a reasonable doubt that appellant did the things mentioned, and, unless they "so believed," they should acquit. The case was correctly decided.

The motion for rehearing will be overruled.

## PATTERSON v. STATE.
### No. 15135.

Court of Criminal Appeals of Texas.
Feb. 3, 1932.

Rehearing Withdrawn April 20, 1932.

L. D. Hartwell and J. Benton Morgan, both of Greenville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

## CALHOUN, J.

The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

## PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## HAWKINS, J.

Appellant files his affidavit requesting that his motion for rehearing in this cause be dismissed. In compliance therewith, the motion for rehearing is withdrawn, and mandate directed to issue on the original opinion.